Torrance K. Norman
NAME
J-32599 D-10-181 Low
PRISON NUMBER

P.O. Box 2349 Chuckawalla Valley State Prison
CURRENT ADDRESS OR PLACE OF CONFINEMENT.

Blythe, CA 92226
CITY, STATE, ZIP CODE

FILED

2008 FEB 25  PM 4: 02

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___RM___ DEPUTY

2254 ✓    1983
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ✓   No
COPIES SENT TO
Court ✓   Pro Se

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0361 WQH RBB

Torrance Keith Norman
(FULL NAME OF PETITIONER)
PETITIONER

v.

J.F. Salazar et. al.
Department of Corrections & Rehabilitation,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])
RESPONDENT

and

Edmund G Brown
The Attorney General of the State of
California, Additional Respondent.

Civil No. _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

# PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: ___
San Diego County 220 West Broadway Room 3102 San Diego, CA 92101-3888

2. Date of judgment of conviction: July 15, 1994

3. Trial court case number of the judgment of conviction being challenged: SDC 100110

4. Length of sentence: 7 years To life with The Possability of Parole

CIV 68 (Rev. Dec. 1998)                    K:\COMMON\FORMS\CIV-68.

5.  Sentence start date and projected release date: _August 30, 1994_
    _release Date is To be Determined_

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): _Kidnap for_
    _ranson, with fireArm._

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty          ☒
    (b)  Guilty              ☐
    (c)  Nolo contendere     ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury               ☒
    (b)  Judge only ☐

9.  Did you testify at the trial?
    ☐ Yes  ☒ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the <u>California Court of Appeal</u>?
    ☒ Yes  ☐ No

11. If you appealed in the <u>California Court of Appeal</u>, answer the following:
    (a)  Result: _Denied_
    (b)  Date of result, case number and citation, if known: _MAY 21, 1996_
         _SDC 100110_
    (c)  Grounds raised on direct appeal: _lesser Included offense Instruction_
         _Jury Instructions_
         _Insufficiant Evidence_

12. If you sought further direct review of the decision on appeal by the <u>California Supreme</u>
    <u>Court</u> (e.g., a Petition for Review), please answer the following:
    (a)  Result: _Denid_
    (b)  Date of result, case number and citation, if known: _August 28, 1996_
         _SO 54446_
    (c)  Grounds raised: _same Grounds_

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

 (a) Result: _____ N/A _____

 (b) Date of result, case number and citation, if known: _____

 _____

 (c) Grounds raised: _____

 _____

 _____

 _____

### COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
 ☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

 (a) <u>California Superior Court</u> Case Number: _RiC 483898_

 (b) Nature of proceeding: _WriT for HAbeAs Corpus_

 _____

 (c) Grounds raised: _Petitioner suffered A Due Process Rights Violation_
 _Petitioner suffered A 9D DAy credit loss_
 _Director Violated its own Time limits_

 (d) Did you receive an evidentiary hearing on your petition, application or motion?
 ☐ Yes ☒ No

 (e) Result: _Denied_

 (f) Date of result: _11-6-07_

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
 ☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) California Court of Appeal Case Number: _E044541_

    (b) Nature of proceeding: _writ of Habeas Corpus_

    (c) Grounds raised: _same Grounds as superior_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (e) Result: _Denied_

    (f) Date of result: _December N, 2007_

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) California Supreme Court Case Number: _S159040_

    (b) Nature of proceeding: _writ of Habeas Corpus_

    (c) Grounds raised: _same Grounds as Appelate_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes ☒ No

    (e) Result: _Denied_

    (f) Date of result: _January 23, 2008_

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

*Petitioner HAS received A silent Denial To This Point in His writ from The STATE Courts.*

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No      (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
    (i) What was the prior case number? _____
    (ii) Was the prior action (CHECK ONE):
        ☐ Denied on the merits?
        ☐ Dismissed for procedural reasons?
    (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

<u>CAUTION:</u>

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Petitioner suffered A Due Process Rights violation in A Disciplinary Proceeding

Supporting FACTS (state *briefly* without citing cases or law) The Director in his Determanation of Petitioners Appeal Process, stated THAT There WAS no Time Constrants on Petitioners re-hearing in his Disciplinary Proceeding. Petitioner WAS Issued A rule Violation Report, found Guilty And Petitioner Appealed, Petitioner's Appeal WAS Granted in Part Due To Due Process Violations And WAS Granted Another Hearing. Petitioner waited for Another Hearing After He received A memo stating The rule Violation Report would be reissued reheard. The Violation Accured when There was A lapse in Time over 117 days which is not Procedure, when Petitioner Inquired About The (RVR) To The Appeals Coordenator Another memo WAS Generated stating The (RVR) would Be re-issued And re heard, And in The Regulatory Time Frame Petitioner Had Another hearing And WAS found Guilty.

Did you raise <u>GROUND ONE</u> in the California Supreme Court?
☐ Yes ☐ No.

(b) **GROUND TWO**: Petitioner suffered A 90 DAY Credit loss Due To his Appeal Being Denied And Petitioner found Guilty.

Supporting FACTS (state *briefly* without citing cases or law): Petitioner was found Guilty And Assessed 90 Days of lossed Credit Due To The unfair Hearing which was A result from Administrators failure To Comply with Disciplinary Proceedings Practices And Procedures.

Did you raise <u>GROUND TWO</u> in the California Supreme Court?
☒ Yes ☐ No.

(c) **GROUND THREE:** The Director violated its own Time limits for The Purpose it is Designed for.

Supporting FACTS (state *briefly* without citing cases or law): The STATUTE of limitations on notices for rehearings Are 30 DAys, The Director in his review stated The disciplinary Time Constraints shall Begin on The DAte The (RUR) is ordered To be reheard, But The director had A full under-standing of The lapse in Time involved in Petitioners APPeAl.

Did you raise GROUND THREE in the California Supreme Court?

☒ Yes ☐ No.

(d) **GROUND FOUR**: _____ N/A _____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

   (a) Name of Court: _____

   (b) Case Number: _____

   (c) Date action filed: _____

   (d) Nature of proceeding: _____

   _____

   (e) Grounds raised: _____

   _____

   _____

   _____

   _____

   (f) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing: AlberT TAmAyo  office of The Public Defenders 233 A STreeT # 1100  sAn Diego, CA 92101- 4009

   (b) At arraignment and plea: SAme ATTorney

   (c) At trial: sAme As Above

   (d) At sentencing: sAme As Above

   (e) On appeal: RoberTA K. ThyfAult  CAliforniA western school of law

   (f) In any post-conviction proceeding: 225 CedAr STReeT  sAn Diego, CA

   (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

   _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
  ☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
  ☐ Yes  ☒ No

  (a) If so, give name and location of court that imposed sentence to be served in the future:

  _____

  (b) Give date and length of the future sentence: _____

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes  ☒ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_2-19-08_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_2-19-08_____        _Torrance K. Norman_____

(DATE)                      SIGNATURE OF PETITIONER

CIV 68 (Rev. Dec. 1998)                  -11-                K:\COMMON\FORMS\CIV-68.

S159040

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re TORRANCE K. NORMAN on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JAN **2 3** 2008

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

MC–275

Name   Torrance K Norman

Address   P.O. Box 2349

Blythe, CA 92226

Chuckawalla Valley State Prison

CDC or ID Number   J-32599

RECEIVED

DEC 1 2 2007   SUPREME COURT

CLERK SUPREME COURT   FILED

DEC 12 2007

Frederick K. Ohlrich Clerk

Deputy

The Supreme Court of
The State of California

(Court)

| | |
|---|---|
| Torrance K. Norman | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No. **S159040** |
| Warden: J.F. Salazar ET. AL | *(To be supplied by the Clerk of the Court)* |
| Department of Corrections & Rehabilitation | |
| Respondent | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC-275

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Parole
- [ ] Credits
- [x] Prison discipline
- [ ] Other (specify): Due Process Violations

1. Your name: Torrance K. Norman

2. Where are you incarcerated? Chuckawalla Valley STATE Prison

3. Why are you in custody? [x] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   KiDNAP For RANSom, with FireArm

   b. Penal or other code sections: 209 (A) And 12022.5 (A)

   c. Name and location of sentencing or committing court: SAN DiegO County 220 West Broadway Room 3102 San Diego, CA 92101-3888

   d. Case number: SDC 100110

   e. Date convicted or committed: July 15 1994

   f. Date sentenced: August 30, 1994

   g. Length of sentence: life with The Possibility of Parole

   h. When do you expect to be released? 2009

   i. Were you represented by counsel in the trial court? [x] Yes.   [ ] No. If yes, state the attorney's name and address:

   Albert TAMAYO Office of The Public Defenders 233 A STREET # 400 San Diego, CA 92101-4009

4. What was the LAST plea you entered? *(check one)*

   [x] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [x] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

MC–275

6.  **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner is seeking Review in The Supreme Court To Order Petition To be Granted Based on The Due Process Violations That Are Presented Herein (see Exhibit B-1 Petitioners writ of Habeas Corpus).

a.  **Supporting facts:**
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

(see Attached Statement of The Case Exhibit B-1 Page 4)

b.  **Supporting cases, rules, or other authority (optional):**
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

(see Table of Authorites herein Exhibit B-1 Page ii)

7. **Ground 2 or Ground _____** *(if applicable):*                                    MC–275

(See Exhibit B-1 on Page 6)

a. Supporting facts:

(See Table of Authorites Exhibit B-1 on Page ii)
Also (See Claims Presented Exhibit B-1 Page 5, 6, 7.)

b. Supporting cases, rules, or other authority:

California Code of Regulations
Title 15 (CCR)
Department Operations Manual
(DOM)
United States Constitution

8. Did you appeal from the conviction, sentence, or commitment?    ☒ Yes.   ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

The California Court of Appeals fourth District

b. Result   Upheld The Conviction              c. Date of decision: MAY 21, 1996

d. Case number or citation of opinion, if known:  SDC 100110

e. Issues raised:  (1)  lesser included offense Instructions

(2)  Jury Instructions

(3)  In Sufficiant Evidence

f. Were you represented by counsel on appeal?  ☒ Yes.   ☐ No. If yes, state the attorney's name and address, if known:

Robert A K. Thyfalt  California Western school of law 222 Cedar ST
San Diego, CA 92100

9. Did you seek review in the California Supreme Court?  ☒ Yes   ☐ No.  If yes, give the following information:

a. Result  Denied                     b. Date of decision: _____

c. Case number or citation of opinion, if known:  D021865

d. Issues raised:  (1)  SAMe AS Above

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

Petitioner filed in The Ninth Circuit Court of APPeals
but Petitioner WAS Advised by Counsel not To Go Any
further because of Relevence.

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☒ No.
   *Attach documents that show you have exhausted your administrative remedies.*

MC–275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *Southern District Court of California 96-CV-1715 BTM(AJB)*

   (2) Nature of proceeding (for example, "habeas corpus petition"): *Habeas Corpus Petition*

   (3) Issues raised: (a) *Same Issues*

   (b) _____

   (4) Result (Attach order or explain why unavailable): *Denied*

   (5) Date of decision: *July 17, 1998*

   b. (1) Name of court: *Ninth Circuit Court of Appeals no. 01-56156*

   (2) Nature of proceeding: *Habeas Corpus*

   (3) Issues raised: (a) *Same Issues*

   (b) _____

   (4) Result (Attach order or explain why unavailable): *Denied*

   (5) Date of decision: *June 2003*

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   _____

   _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   _____

   _____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

   _____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

   _____

   _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   *Habeas Corpus is The Appropriate remedy for Petitioner After A Denial in The Court of Appeals.*

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *12-9-07*

▶ *Torrance K. Norman*
(SIGNATURE OF PETITIONER)

MC–275 [Rev. January 1, 2007]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page 6 of 6

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

## ORDER

FILED

DEC 0 4 2007

COURT OF APPEAL FOURTH DISTRICT

In re

TORRANCE NORMAN

on Habeas Corpus.

E044541

(Super.Ct.Nos. RIC483898 &
SDC100110)

The County of Riverside

THE COURT

The petition for writ of habeas corpus is DENIED.

KING
_____
Acting P. J.

cc:    See attached list


COPY

# STATMENT OF FACTS

1. The order of The Superior Court must not
2. stand because of The Issues brought before
3. The Court in Petitioners writ were not
4. Addressed. Petitioner is requesting This Honorable
5. Court To enforce The standards promulgated
6. by law And review Petitioners writ based on
7. The factors specified by statute And regulations
8. And Petitioners Constitutional Rights To have All
9. Issues Reviewed in A Court of law.
10.    The Superior Court Denied Petitioners writ
11. Based on The California Rule of Court 4, 551,
12. "Petition is Denied Due To The failure of The Petition
13. To state a Prima facie factual case supporting
14. Petitioner's Release", (see order exhibit A-1)
15.    Petitioners writ is not even About His
16. Release, its challenging Administrative Procedures
17. And Practices requesting The Court To Dismiss
18. Petitioners (RUR) in The Intrest of Justice for
19. Violating Petitioners Due Process Rights And
20. Failing To Abide by Policy which statutory And
21. Constitutional mandates And Provides essential due
22. Process guarantees To ensure fairness And equal
23. Application.
24.    Petitioner is Also A layman who Has a very limited
25. understanding of The law And Has a request for
26. Assistance of Counsel in The form of A motion.
27.    Petitioner Has Placed All information And rules

1  And Regulation And Procedures and Policies Dealing

2  with His Issues (see exhibit WRIT B-1) Along

3  with (Table of Authorites Page ii).

4      for All The foregoing reasons, This Petitioner

5  Prays That This Honorable Court of Appeals not

6  Allow The Superior Courts Order of Denial stand

7  And To Grant Petitioners WRIT of Habeas Corpus,

8  And Grant Petitioners motion for assistance of

9  Counsel if deemed Proper.

10

11

12

13  Dated

14

15

16                    RespectFully Submitted

17

18

19                    Torrance K. Norman
                      Petitioner In Pro Per

20

21

22

23

24

25

26  ‑‑‑‑‑|

27



# ExHiBiT

# A-1

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERISDE

IN THE MATTER OF THE APPLICATION OF:  )  Case No.: No. RIC463898
                                      )
                                      )  ORDER RE: PETITION FOR WRIT
Torrance K. Norman                    )  OF HABEAS CORPUS
                                      )
                                      )  FILED
                                      )  SUPERIOR COURT OF CALIFORNIA
                                      )  COUNTY OF RIVERSIDE
FOR A WRIT OF HABEAS CORPUS           )
                                      )  NOV 0 6 2007
                                      )
                                      )  _____ Thm

The Court, having read and considered the Petition for Writ of Habeas

Corpus, presented this __6__ day of __NOV__, 20_07_, hereby orders

the following: Denied

     _✓_ Pursuant to California Rule of Court 4.551, the petition is

denied due to the failure of the petition to state a prima

facie factual case supporting petitioner's release.  While

the petition states a number of factual conclusions, these

broad conclusions are not backed up with specific details,

and/or are not supported by the record in the case.


     _____ Pursuant to California Rule of Court 4.551, the petition is

denied due to the failure of the petition to state a prima

facie case supporting petitioner's claim.  The petition

makes assertions regarding the applicable law that are

contrary to established California case decisions.

Summary of Pleading - 1          IMAGED

1

2

3

4    _____    Pursuant to California Rule of Court 4.551, the petition is

5    denied due to the failure of the petition to establish that

6    petitioner has exhausted available administrative remedies.

7

8    _____    Pursuant to California Rule of Court 4.551, the petition is

9    denied because the petition failed to raise any new issue

10    that has not previously been addressed in an earlier Writ

11    petition.

12

13    _____    Pursuant to California Rule of Court 4.551, the petition is

14    denied because the petition is now moot due to changed

15    conditions.

16

17    _____    Pursuant to California Rule of Court 4.551(b), the court

18    invites respondent to submit an informal response to the

19    petition within 15 days.  Should an informal response be

20    submitted, it shall be served on petitioner.  Petitioner

21    shall have an additional 15 days after service of the

22    informal response in which to file a reply.

23

24    _____    Pursuant to California Rule of Court 4.551(c), the court

25    finds that the petition states a prima facie basis for

relief and Respondent is ordered to show cause why the

petition should not be granted.  Respondent is ordered to submit a Return to the Petition within 30 days.


_____  Pursuant to Griggs v. Superior Court (1976) 16 C3d 341, the court finds that the petition states a prima facie basis for relief and transfers the petition to the Superior Court of California, County of _____, the court whose proceedings are asserted as being in error by the petition.


_____  _____

_____

_____

_____


Dated: _NOV 6, 2007_    _____

Judge of the Superior Court

County of Riverside

Notice 'CCM' has been printed for the following Attorneys/Firms
or Parties for Case Number RIC483898 on 11/08/07:


TORRANCE K NORMAN
PO BOX 2349 J-32599 C.V.S.P
BLYTHE,CA 92226

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
[✓] 4100 Main Street, Riverside, CA 92501
[ ] 4050 Main Street, Riverside, CA 92501
[ ] 4175 Main Street, Riverside, CA 92501
[ ] 880 N. State Street, Hemet, CA 92543
[ ] 41002 County Center Dr. #100 Temecula, CA 92591
[ ] 135 N. Alessandro Rd. Banning, CA 92220
[ ] 505 S. Buena Vista Ave., Corona, CA 91720
[ ] 13800 Heacock #D201, Moreno Valley, CA 92553

CLERKS CERTIFICATE OF MAILING

APPELLANT:      J.F. SALAZAR WARDEN
        VS.
RESPONDENT:     TORRANCE K NORMAN
                        Case No. RIC483898

TO:

I, clerk of the above entitled court, do hereby certify I am not a
party to the within action or proceeding; that on the date below
indicated, I served a copy of the attached DENIED by
depositing said copy enclosed in a sealed envelope with postage
thereon fully prepaid in the mail at Riverside, California addressed
as above.

CLERK OF THE COURT

Dated:      11/08/07          By: _____
                                  TASHA A MARTIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
[ ✓ ] 4100 Main Street, Riverside, CA 92501
[ ] 4050 Main Street, Riverside, CA 92501
[ ] 4175 Main Street, Riverside, CA 92501
[ ] 880 N. State Street, Hemet, CA 92543
[ ] 41002 County Center Dr. #100 Temecula, CA 92591
[ ] 135 N. Alessandro Rd. Banning, CA 92220
[ ] 505 S. Buena Vista Ave., Corona, CA 91720
[ ] 13800 Heacock #D201, Moreno Valley, CA 92553

### CLERKS CERTIFICATE OF MAILING

APPELLANT:     J.F. SALAZAR WARDEN
        VS.
RESPONDENT:    TORRANCE K NORMAN
                    Case No. RIC483898

TO:  TORRANCE K NORMAN
     PO BOX 2349 J-32599 C.V.S.P
     BLYTHE CA 92226

I, clerk of the above entitled court, do hereby certify I am not a
party to the within action or proceeding; that on the date below
indicated, I served a copy of the attached DENIED by
depositing said copy enclosed in a sealed envelope with postage
thereon fully prepaid in the mail at Riverside, California addressed
as above.

                              CLERK OF THE COURT

Dated:    11/08/07          By: _Marti_____
                                TASHA A MARTIN

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
Minute Order/Judgment

Case No.: 483898                    Date: 11/06/07        Dept:
Case Name: TORRANCE K NORMAN
Case Category: Writ of Habeas Corpus
Hearing:   Order DENIED by WRITS OF HABEAS CORPUS; Honorable Judge PATRICK
           F. MAGERS.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
Habeas Corpus

Petition for WRITS OF HABEAS CORPUS Denied.

# EXhibiT

# B-1

MC–275

Name _Torrance K. Norman_

Address _P.O. Box 2349_

_Blythe, CA 92226_

_Chuckawalla Valley State Prison_

CDC or ID Number _J-32599_

## Superior Court of California
## County of Riverside

(Court)

PETITION FOR WRIT OF HABEAS CORPUS

_Torrance K. Norman_
Petitioner

vs.

_Warden: J.F. Salazar et. Al._
_Department of Corrections and Rehabilitation_
Respondent

No. _____

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☒ Prison discipline

☐ Other (specify): *Along with Due Process Violations And Time Constraints.*

1. Your name: Torrance K. Norman

2. Where are you incarcerated? Chuckawalla Valley State Prison

3. Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Kidap for Ransom, with firearm

b. Penal or other code sections: 209 (A) And 12022.5(A)

c. Name and location of sentencing or committing court: San Diego County, 220 West Broadway room 3102 San Diego CA 92101-3888

d. Case number: SDC 100110

e. Date convicted or committed: July 15, 1994

f. Date sentenced: August 30, 1994

g. Length of sentence: life with The Possibility of Parole

h. When do you expect to be released? 2008

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

Albert Tamayo office of Public Defenders 233 A Street # 400 San Diego, CA 92101-4009

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

MC-275

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner is seeking relief from This Court Based on The operations and Procedures in Process of A disciplinary Procedure. Petitioner is Also requesting This Honorable Court To order The Respondents To Comply with Time limits and Procedural Processes, for A Due Process Violation. which resulted.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what time (when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

There was A Procedural irregularity which Took Place During The Petitioner's Appeal Process and Disciplinary Procedure. On 6-26-06 Petitioner was Issued A (RVR) Rule Violation Report for Mutual Combat And was found Guilty on 7-15-06. Petitioner Appealed The (RVR) Based on Due Process rights Violations in His Hearing And His Appeal was Granted in Part. Petitioner Received A Memorandum Dated 12-1-2006 That The Appeals Coordinator M.R. Bunts recommended That The (RVR) be reissued/Reherd. Petitioner waited for The (RVR) To be ordered for About 117 Days which is not Procedure. So Petitioner wrote MR. Bunts And Asked About The reissuence of The (RVR) And Another Memorandum was Generated And The Petitioner was issued A new (RVR) And found Guilty within The 30 day Period.

b. Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Petitioner relies on The (D.O.M.) Department Operations Manual Section 54100.18.3.3 - 54100.3.1, Along with 52080.2 and 52080.3.1 California Code of Regulations Title 15 Section 3320(b) 3320(A)

MC–275

7. Ground 2 or Ground _____ (if applicable):

There was a Due Process Violation which acured when The December 1 Memorandum was Generated And a order for The (RUR) was never Generated. Due Process was Denied By A Significant lapse in Time.

a. Supporting facts:

Petitioner waited over 117 Days for A Procedure To Take Place which never did Until He Inquired About The Action. Petitioners supporting facts are Presented in This Petition in The form of Exhibits, herein.

b. Supporting cases, rules, or other authority:

(Dom) Department Operations Manual Section 52080.2  52080.3.1  54100.3.1  54100.18.3.3 California Code of Regulations Title 15 3320 (A)   3320 (B)

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  [X] Yes.  [ ] No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

The California Court of Appeal Forth District

b. Result  Upheld The Conviction          c. Date of decision:  MAY 21, 1996

d. Case number or citation of opinion, if known:  SDC 100110

e. Issues raised:  (1)  lesser included offense instruction

(2)          Jury instructions

(3)          Insufficient evidence

f. Were you represented by counsel on appeal?  [X] Yes.  [ ] No. If yes, state the attorney's name and address, if known:

Roberta Thyfalt  Calif Western schl of law 225 cedar st. San Diego

9. Did you seek review in the California Supreme Court?  [X] Yes  [ ] No.  If yes, give the following information:

a. Result  Denied          b. Date of decision:

c. Case number or citation of opinion, if known:  002186 5

d. Issues raised:  (1)  SAMe As Above

(2)

(3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

Petitioner Filed in The 9th circuit Court of Appeals Petitioner was Advised by Counsel not To Continue Because of Relevence.

b. Did you seek the highest level of administrative review available?  [ ] Yes.  [X] No.
*Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 2007]          PETITION FOR WRIT OF HABEAS CORPUS

MC–275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *Southern District Court of California 96-CV 1715-BTM(CA*

(2) Nature of proceeding (for example, "habeas corpus petition"): *Habeas Corpus Petition*

(3) Issues raised: (a) *Same Issues*

(b) _____

(4) Result *(Attach order or explain why unavailable):* *Denied*

(5) Date of decision: *July 17, 1998*

b. (1) Name of court: *Ninth Circuit Court of Appeals no. 01-56156*

(2) Nature of proceeding: _____

(3) Issues raised: (a) *Same Issues*

(b) _____

(4) Result *(Attach order or explain why unavailable):* *Denied*

(5) Date of decision: *June 2003*

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____

16. Are you presently represented by counsel? ☐ Yes.   ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes.   ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *10-22-07*                              ▶ *Terrance K. Norman*
                                                   (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]          PETITION FOR WRIT OF HABEAS CORPUS                    Page 6 of 6

1 Torrance K. Norman

2 J-32599  C7-181 Low

3 Chuckawalla Valley State Prison

4 P.O. Box 2349

5 Blythe, CA 92226

6 Petitioner In Pro Per

7

8      SUPERIOR COURT OF THE STATE OF CALIFORNIA

9      IN AND FOR THE COUNTY OF RIVERSIDE

10

11 IN RE TORRANCE NORMAN )     CASE NO

12 Petitioner      } Corpus And Memorandum of

13      } Points And Authorities Along

14 on Habeas Corpus )     with accompanying Exhibits in

15      Support Thereof.

16

17      Petition for writ of Habeas Corpus And Accompanying

18      Exhibits

19

20

21

22

23

24

25

26

27

# Table of Contents

1  Table of Authorites ......................................... Page ii

3  Claims Presented ........................................... Page 1

5  Petition for writ of Habeas Corpus .............. Page 2,3

7  Statement of The Case ................................... Page 4

9  First Claim ..................................................... Page 5

11  Second Claim ................................................ Page 6

13  Third Claim ................................................... Page 7

15  Conclusion And Prayer ................................ Page 8

17  Contents of Exhibits: Petitioners Appeal ... Page 9
18  Pages 1-12 of 2
19  Proof of Service ............................................ Page 10

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

# Table of Authorities

California Code Title 15 Regulations    (CCR)

Section 3320 (A)                          Pg 2. Pg 5

Section 3320 (b)                          Pg 2. Pg 5

Section 3320 (F)(5)                       Pg 6

Department Operations Manual (D.O.M)

Section 52080.2                           Pg 2. Pg 5. Pg 7

Section 52080.3.3                         Pg 5

Section 52080.3.3.1                       Pg 5

Section 52080.9                           Pg 7

Section 54100.18.3.1                      Pg 5. Pg 6

Section 54100.18.3.2                      Pg 6

United States Constitution

14th Amendment: Due Process of law        Pg 3. Pg 5. Pg 7

14th Amendment: Equal Protection of The law Pg 7

# Claims Presented

## First Claim

Petitioner suffered A Due Process Rights Violation Due To Prison Authorites not Complying with Procedural And Regulations on Reasonable Timing As penscribed in The Title 15 California Code of Regulations, And The D.O.M.

## Second Claim

Petitioner suffered A Credit loss Due To This Appeal Issue Being Denied To The exhausted Administrative level of His Appeal.

## Third Claim

The Director violated its own Time limits for The Purpose it is Designed for.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  Torrance K. Norman
2  J-32599 C7-181-Low
3  Chuckawalla Valley State Prison
4  P.O. Box 2349
5  Blythe, CA 92226

6
7      Superior Court for the State of California
8      In and for the County of Riverside

9
10  In Re Torrance Norman )      Case No.
11  Petition               )      Petition for writ of Habeas
12                         )      Corpus and Memorandum of
13  on Habeas Corpus       )      Points and Authorities in Support
14                                There of.

15
16      To The Honorable Judge of The Superior Court
17  of the State of California, in and for the County
18  of Riverside; Petitioner Torrance Norman, In
19  Pro Per, Hereby Petitions This Court for a writ of
20  Habeas Courpus directed To warden J.F. Salazar et.
21  Al. Department of Corrections Chuckawalla Valley State
22  Prison (CVSP), Blythe, California, ordering The
23  Respondent To Dismiss The (RVR) in The Intrest of
24  Justice for violating Petitioners Due Process Rights
25  in Accordance with CDC Operations Manual and The
26  California Code of Regulations Title 15 Section 3320 (A)
27  And 3320 (B) Along with Section 52080.2 of The D.O.M.

1. Petitioner respectfully Prays That A writ of
2. Habeas Corpus be Issued by This Court directing
3. The warden of Chuckawalla Valley State Prison
4. et. Al. To Dismiss Petitioners (RVR) in The
5. Intrest of Justice for Violating His Due
6. Process Rights And failing To Abide by Policy,
7. Purpose And Procedures of Their own Rules, and
8. Regulations, which is in Violation of Petitioners Due Process Rights.
9. In Addition Petitioner respectfully Prays That
10. This Court will Grant Any And All other relief
11. deemed Proper.
12.
13.
14.
15. Dated 10-22-07
16.
17.
18.
19.
20.
21.
22. Respectfully Submitted
23.
24. Torrance K. Norman
25. Petitioner In Pro Per
26.
27.

COURT PAPER
STATE OF CALIFORNIA
TD. 113 (REV. 8-72)
5 34769

*STATEMENT OF THE CASE*

1    Petitioner filed A 602 Appealing A (RVR)

2    Rule violation Report, for Mutual Combat which was Issued

3    on June 26 2006, Petitioner had His Hearing on 7-15-06

4    And was found Guilty. Petitioner filed An Appeal for

5    A Due Process violation Log # CUSP 06-01289l on The Date

6    of 11-6-06, Appeals Coordinator M.R. Bunts Granted

7    The Appeal in Part. see Exhibit (Petitioners Appeal

8    Page 12)(12of2). Appeals Coordinator M.R. Bunts

9    Generated The Memorandum on The Date of 12-1-06

10   That The RVR was Recommeded To be reissued/Reheard

11   And mr M.R. Bunts never refered The (RVR) until 117

12   Days later when Petitioner notified M.R. Bunts About

13   The Issue Because Petitioner wanted To Apply His

14   Appeal Right. soon After on 3-28-07 J.M. Cortez

15   Associate warden, ordered The 115 reissued And reheard.

16   On 4-3-07 Petitioner received The (RVR) And on 4-27-07

17   Petitioner was found Guilty of The (RVR).

18

19

20

21

22

23

24

25

26

27

First Claim

1    Petitioner suffered A Due Process Rights Violation

2    Due To Prison Authorites not Complying with the Section

3    3320 (A) And 3320 (b) of The Title 15 (CCR)

4    California Code of Regulations During A Disciplinary

5    Procedure which Petitioner Argued in His Appeal see

6    Exhibit (Appeal pg. 3 of 2) Time limits.

7    The Director determined in His Decision That There

8    was no Time Constrant Violation in Regards To The

9    Aforementioned information, see Exhibit (Appeal pg. 1 of 1) This

10   determination cannot stand Because of The Time limits

11   section And Hearing Procedures of The Title 15 (CCR)

12   Places A limitation on The Hearing Process in its entirety.

13   section 52080.2 of The Department of Corrections

14   Operations Manual (O.O.M) states The Inmate disciplinary

15   system incorporates statutory And Constitutional mandates And

16   Provides essential due Process guarantees To ensure fairness

17   And equal Protection. Authorites did not follow The Procedure

18   of section 52090.3.3.1 or 52080.3.3 of The (O.O.M)

19   during Petitioners Disciplinary Action, it was obveous That

20   Appeals Coordinator did not Audit Petitioners (RVR) Because

21   of The unreasonable Time lapse Between The Memorandum

22   of December 1 2006 See exhibit (Appeal pg. 12-12 of 2)

23   And memorandum of march 28 2007 see exhibit (Appeal Pg 5).

24   Petitioner is Requesting This Court To Grant This Petition

25   based on The Due Process Rights violation That Petitioner

26   Has suffered, Due To Time limits of 54100.18.3.1 of The

27   (O.O.M).

## Second Claim

1   Petitioner suffered A 90 DAY Creidt loss Due To

2 This Appeal Being Denied And Petitioner found Guilty.

3

4

5   Petitioner was found Guilty And Assessed 90 DAys

6 of lossed Credit Due To This Unfair Hearing which

7 was a result from Respondents failure To Comply with

8 Section 3320.(F).(5). - of The (C.C.R.15) "notifications"

9 Petitioner was never notified of Any reason for A

10 Extraordinary Circumstances Preventing A Hearing within 30 DAys.

11 The Appeals Coordinator did not Comply To Section

12 54100.18.3.2 Because A order for A rehearing

13 was never Generated in a responsable Amount of Time

14 which Section 54100.18.31 of The (D.O.M) reflects.

15

16

17

18

19

20

21

22

23

24

25

26

27

# Third Claim

1. The Director Violated its own Time limits
2. for The Purpose it is Designed for.
3.
4. The director in His Review stated The disciplinary
5. Time Constraints shall Begin on The Date The (RVR) is
6. ordered To be reheard, (see exhibit Petitioners Appeal
7. Page 1 of 1) The director Had A full understanding of
8. The Time lapse involved in Petitioners Appeal, But in His
9. review The (DLR) still determined That There was no
10. Time Constraint Violation in Regards To The Aforementioned
11. Information, The Director Chose To Turn his Head on
12. The Purpose of The Design which is section 52080.2
13. of The (D.O.M) which mandates and Provides essential Due
14. Process Guarantees To ensure That Inmates Discipline is
15. Applied And Administered in Accordance with Procedures Provided
16. in This section, in every section There is A Time limitation, As
17. Section 52080.9 Hearing Procedures And Time limitations of The
18. (D.O.M) Expresses, 30 Days of The written notice.
19. When The Director Violated These section of The (D.O.M) Petitioner
20. Suffered A Violation of His Rights To The 14th Amendment; Due
21. Process of law, And His Rights To The 14th Amendment; Equal
22. Protection of The law.
23.
24.
25.
26.
27.

Page 7

Exhibit

Petitioners Appeal

Pages 1 - 12 of 2

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 0 3 2007

In re: Torrance Norman, J32599
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA  92226

IAB Case No.: 0616900          Local Log No.: CVSP-07-00389

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C06-07-0007R, dated March 28, 2007, for Mutual Combat. It is the appellant's position that on June 26, 2006, he was issued an RVR for Mutual Combat and was found guilty. However, based upon due process violations the Appeals Coordinator recommended for the RVR be reissued and reheard on December 1, 2006. He claims that the RVR was never reissued and reheard until a new memorandum was generated on March 28, 2007. He was found guilty on April 27, 2007; however, he believes that a time constraints due process violation now exists. He requests that the aforementioned RVR be dismissed in the interest of justice for violating his due process rights in accordance with CDC Operations Manual Section 54100.18.2, and California Code of Regulations, Title 15, Section (CCR) 3320.

**II   SECOND LEVEL'S DECISION:** The reviewer found that on March 28, 2007, the Chief Disciplinary Officer (CDO) ordered the appellant's CDC Form 115, Rules Violation Report (final copy) to be reissued/reheard and he was given a memorandum on the same date informing him of the intent to reissue/rehear the CDC 115, with his Investigative Employee present and the Reporting Employee not present during deliberations. He was issued his initial copies of the CDC 115 dated March 28, 2007, Log #C06-07-0007R, for Mutual Combat, on April 3, 2007. He was afforded all due process rights and all time constraints were met. He was found guilty of the charges based upon the preponderance of the evidence submitted at the hearing. He has not provided evidence which would suggest the passage of time between the first CDC 115 and the subsequent rehearing. Therefore the Second Level of Review (SLR) has determined that his CDC 115 will not be dismissed. The appellant's appeal is denied at the SLR.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** Upon review of all documentation submitted, it appears the appellant has failed to support his appeal issues with sufficient evidence to warrant a modification of the Senior Hearing Officer's finding and disposition. Pursuant to CCR 3084.5(h)(3), when a disciplinary charge is ordered reheard, a new CDC Form 115 shall be written and processed. The disciplinary time constraints shall begin on the date the RVR is ordered to be re-heard, except when an inmate is being returned to a facility for a disciplinary rehearing, the time constraints shall begin upon the inmate's return to that facility. Although the Appeals Coordinator made the recommendation for RVR Log #C06-07-0007, to be reissued and reheard on December 1, 2006, the CDO did not order the RVR to be reissued and reheard until March 28, 2007. The Director's Level of Review (DLR) has determined that there was no time constraint violation in regards to the aforementioned information. Therefore, the appellant has failed to present any new evidence or compelling argument to warrant a modification of the decision reached by the SLR.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B). Relief at the DLR is not warranted.

Page 1 of 1

TORRANCE NORMAN, J32599
CASE NO. 0616900
PAGE 2

    **B. BASIS FOR THE DECISION:**
    CCR: 3005, 3286, 3315, 3318, 3320, 3323

    **C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CVSP
       Appeals Coordinator, CVSP

1 of 2

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:   Institution/Parole Region:   Log No.   Category

MAY 9 2007   DVSP   07-00389   1

2.   2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Norman T | J-32599 | AM Kitchen worker | Q-10-173L |

A. Describe Problem: On 6-26-06 MR Norman was issued (RVR) for mutual combat and was found guilty on 7-15-06, MR Norman appealed due to due Process violations Log No: CUSP 06-012891 on the date of 11-6-06. A memo was generated by Appeals Coordinator MR Bunts on 12-1-2006 recomending that the (RVR) be reissued reheard (see copy of memo) (RVR) was never reissued or reheard until a new memo that was generated on 3-28-2007 stating MR Bunts made the same recomendation but on March 26, 2007. After a total of just about 4 months the RVR was reissued and reheard on 4-27-2007 MR Norman was found guilty of the (RVR).

If you need more space, attach one additional sheet.   Based on Section 54100, 18.3.1 of the D.O.M and →

B. Action Requested: That the (RVR) be dismissed in the intrest of Justice for violating MR Normans due Process rights in Accordance with the D.O.M Section 54100, 18, 2 And CCR Title 15 Section 3320.

Inmate/Parolee Signature: Torrance T Norman   Date Submitted: 5-5-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

**BYPASSED**

_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

Page 2

The Title 15 Section 3320 The Time limits for holding A Rehearing
Shall Conform To Those specified in The CCR(15) 3320 For Processing
The Original Charge.
MR Norman HAS Suffered This Due Process violation Due TO The
Significant lapse of Time which makes it improbable if not
Impossible for The Accused To Present An Adequate defense.
There HAS been such A significant lapse in Time THAT MR
Normans witness MR Archer is not Available To Him, which
Prevents MR Norman from Presenting An Adequate defense.

The main Topic of This Issue is The First memo Dated
December 1. 2006 And signed By MR Bunts WAS ~~about~~ That
The RVR WAS never reissued, And Then Another Memo WAS
Generated Almost 4 months later THAT WAS not signed By
MR Bunts. But This Violates MR Normans Due Process Rights To
The D.O.M Section 54100.18.2 And section 3320 of The
Title 15.

Time limits (D.O.M) Section 54100.18.3.1 (Time limits for holding a rehearing shall conform To Those specified in The CCR (15) 3320 for Processing The Original Charge.)

Section 3320 (A) of The Title 15 STATES A copy of The CDC form 115 And All nonconfidential reports To be relied upon in A disciplinary hearing shall normally be Provided To The inmate within 24 Hours After The CDC form 115 has Been classified serious or Administrative And within 30 DAYS of The misconduct, but not later Than 15 DAYS from The Date The information lending To The charges is discovered by STAFF.

Section 3320 (b) of The Title (15) STATES The Charges shall be heard within 30 DAYS from The Date The inmate is Provided A copy of The CDC form 115.

MR Normans Evidence Are The Memos contained herein which MR Bunts reviewed As (Pertinent information, on 6-26-06, And The Memo of 3-28-07. MR Norman relies on The D.O.M And The CCR (15) As Applied To California Regulations.

MR Norman Has Also Attched A Previous 602 on This Issue on 12-13-06 About The Adverse Affects he would receive if The 115 was Reheard.

Thank you for your Time

Torrence Norman

Page 3 of 2

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    May 22, 2007

To:    Torrance Norman, J-32599
       Chuckawalla Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE
                LOG NO.:    CVSP 07-00389

ISSUE:

You are appealing a matter regarding a disciplinary charge (CDC 115). You received a CDC 115 dated 3-28-07, Log #C06-07-0007R, for Mutual Combat. You contend you are not guilty.

You are requesting the CDC 115 be dismissed in the interest of justice on the basis of due process violations.

INTERVIEWED BY:  M. R. Bunts, Inmate Appeals Coordinator and M. K. Reichle, Staff Services Analyst, on 5-15-07. In reaching a decision, all relevant documentation was researched.

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3000.5. Rules of Construction.**
        The following rules of construction apply to these regulations, except where otherwise noted:
        (f) The time limits specified in these regulations do not create a right to have the specified action taken within the time limits. The time limits are directory, and the failure to meet them does not preclude taking the specified action beyond the time limits.

**CCR 3005. Conduct.**
        (c) Force and Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force and violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person.

Page 4

TORRANCE NORMAN, J-32599
CASE NO. 07-00389
PAGE 2

### CCR 3312. Disciplinary Methods.

(b) Chief Disciplinary Officer Review of Disciplinary Actions. All disciplinary methods and actions shall be reviewed by the chief disciplinary officer, who shall be the institution head or a designee not below the level of correctional administrator or parole administrator I.

(1) The chief disciplinary officer shall affirm, reverse or modify the disciplinary action and/or credit forfeiture. The chief disciplinary officer may order a different action, order a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of these actions.

### CCR 3320. Hearing Procedures and Time Limitations.

(1) The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge. At the conclusion of the disciplinary hearing, the inmate shall be informed of the findings and disposition of the charge and of the right to and procedure for appeal of the action. Within five working days following review of the CDC Form 115 and CDC Form 115-A by the chief disciplinary officer, the inmate shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusions.

Inmate Norman, in reviewing all pertinent information, on 6-26-06 you were initially issued the original CDC 115 and found guilty. You submitted an appeal (Log #06-01289) requesting the CDC 115 be dismissed on the basis due process rights were violated. Your appeal was partially granted and the CDC 115 was referred to the CDO for review, with a recommendation that it be reissued/reheard. On 3-28-07 the CDO ordered the 115 reissued/reheard and you were given a memorandum on the same date informing you of the intent to reissue/rehear the CDC 115 with your Investigative Employee present and the Reporting Employee not present during the deliberations. You were issued initial copies of the CDC 115 dated 3-28-07, Log #C06-07-0007R, for Mutual Combat, on 4/3/07. You were afforded all due process rights with time constraints met and you were found guilty of the charges. You have not provided evidence which would suggest the passage of time between the first CDC 115 and the subsequent rehearing, prejudiced the findings of guilt. Therefore, your CDC 115 will not be dismissed.

<u>DECISION</u>: The appeal is denied.

You are advised this issue may be submitted for a Director's Level of Review if desired.

M. R. BUNTS
Inmate Appeals Coordinator

J.F. SALAZAR
Warden (A)

JFS/MRB/lg

cc:  Central File
        Inmate Appeals

PAge 462

California Department of Corrections and Rehabilitation

ate of California

# Memorandum

date : 03-28-2007



to : J. Burt
Captain (A)
Facility C

subject: **REISSUE AND REHEAR RULES VIOLATION REPORT LOG # C06-07-0007**

On July 04, 2006, Inmate Norman T. (J-32599), was issued a Rules Violation Report (RVR), Log # C06-07-0007, for the specific act of Mutual Combat. On July 15, 2006 Inmate Norman was found GUILTY as charged and assessed 90 days forfeiture of credits.

On March 26, 2007, Correctional Counselor II M. R. Bunts, Appeals Coordinator, reviewed the Inmate/Parolee Appeal Form (CDC 602) Inmate Norman submitted, Log # CVSP-X-06-01289. CCII Bunts issued a Modification Order referring the RVR to the Chief Disciplinary Officer with a recommendation to reissue and rehear the RVR with the Investigatory Employee present as well as not having the reporting employee present during deliberations.

Based on the above, I am ordering Rules Violation Report Log # C06-07-0007 to be reissued and reheard.

J. M. Cortez
Associate Warden
Complex II

CDC 1617 (3/89)

Page 5

CDC-804 COMPLETED:
CCII INIT:
ATE OF CALIFORNIA

ASSIGNMENT:
ETHNIC: BLK
DOB: 5/15/64
GPL: 9.0

D10/173⌐

DEPARTMENT OF CORRECTIONS

## ULES VIOLATION REPORT

| : NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-32599 | Norman, T. | | Lifer | CVSP | D10-166M | C06-07-0007R |
| LATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| 3005(c) | | Mutual Combat | | C-Kit | 03/28/07 | 1025 HOURS |

CUMSTANCES  On July 04, 2006, Inmate Norman T. (J-32599), was issued a Rules Violation Report (RVR), Log #C06-07-0007, the specific act of Mutual Combat. On July 15, 2006, Inmate Norman was found GUILTY as charged and assessed 90 days feiture of credits.

March 26, 2007, Correctional Counselor II, M.R. Bunts, Appeals Coordinator, reviewed the Inmate/Parolee Appeal Form C 602) Inmate Norman submitted, Log #CVSP-X-06-01289. CCII Bunts issued a Modification Order referring the RVR to : Chief Disciplinary Officer with a recommendation to reissue and rehear the RVR with the Investigative Employee present well as not having the reporting employee present during deliberations. Therefore, on March 28, 2007, A/W Cortez lered Rules Violation Report Log C06-07-0007 to be reissued and reheard.

Monday, June 26, 2006, at approximately 1025 hours, while performing my duties as the "C" kitchen Supervising Cook while releasing Kitchen workers to serve bag lunches, I turned and saw Inmate Norman, T., (J-32599, C7-211L), and rate Archer, R., (V-16270, C6-215U) fighting in the dinning room.

### Continuation on Part-C (Page #2)

| PORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| M. Perry, Supervising Cook | 4/3/07 | C-Kit | T/F |
| VIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | LOC. |
| P. Chavira, Sergeant | 4/3/07 | | |
| ASSIFIED ADMINISTRATIVE :VSERIOUS | OFFENSE DIVISION: | DATE | CLASSIFIED (Typed Name and Signature) | | HEARING REFERRED TO |
| | D (61-90) | 4-2-07 | C. Roe, Correctional Counselor I/A | | ☐ HO  XX SHO  ☐ SC  ☐ FC |

#### COPIES GIVEN INMATE BEFORE HEARING

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | | 4/4/07 | 0940 | Reissue Memo CDC 7219S (2) | | | |
| INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE 4/4/07 | TIME 0998 |

EARING  On April 27, 2007, at approximately 1125 hours, Inmate Norman (J-32599) made a personal appearance before this Senior Hearing Officer (SHO), Correctional Lieutenant D. Mireles, for the purpose of adjudicating this Rules Violation Report (RVR). This SHO inquired about the status of his health and Inmate Norman indicated he was in Good health. Inmate Norman was asked if he received a copy of all pertinent documents to be relied upon for this disciplinary hearing at least twenty-four (24) hours prior to this hearing. He indicated he had and is ready to proceed. The disciplinary charge of "Mutual Combat" were reviewed with Inmate Norman in the hearing. Inmate Norman stated that he understood and was prepared to begin.

DUE PROCESS: There are no due process issues as Inmate Norman was provided a copy of the charge(s) within the allotted 15 days and the RVR is being adjudicated within the allotted thirty (30) days. RVR Log# C06-07-0007 was ordered Reissued/Reheard on March 28, 2007. Norman was provided a copy of the charge(s) on April 04, 2007 (within 15 days). The RVR was adjudicated on April 27, 2007 (within 30 days) of Inmate Norman being provided a copy.

MENTAL HEALTH SERVICES DELIVERY SYSTEM (MHSDS): Inmate Norman is not a participant in the MHSDS at any level of care and did not exhibit any bizarre and/or unusual behavior therefore, did not require a mental health assessment prior to the adjudication of this RVR.

### Continuation on Part-C (Page #2)

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| D. Mireles, Correctional Lieutenant | | | 4-28-07 | 1200 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| J. Bunt, Facility "C" Captain (A) | 5/3/07 | J. Cortez, A.W., Complex II | 5-4-07 | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE 5/4/07 | TIME 1230 |

CDC 115 (7/88)

Page 6

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|--------|---------------|---------------------|------|-------------|---------|
| J-32599 | Norman, T. | CCR§ 3005(c) | 03/28/07 | CVSP | C06-07-0007R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    [ ] YES    [X] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| [ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ *DM* | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| [ ] I REVOKE my request for postponement. | | ▶ *DM* | |

## STAFF ASSISTANT

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| STAFF ASSISTANT REQUESTED    [ ] WAIVED BY INMATE | ▶ *DM* | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ASSIGNED | | |
| NOT ASSIGNED | REASON    INMATE DOES NOT MEET CRITERIA PER CCR§ 3315(d)(2) | |

## INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| INVESTIGATIVE EMPLOYEE REQUESTED    [ ] WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ASSIGNED | 4-17-07 | J MARQUEZ C/O |
| NOT ASSIGNED | REASON    INMATE DOES NOT MEET CRITERIA PER CCR§ 3315(d)(1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS):

[ ] REPORTING EMPLOYEE    [ ] STAFF ASSISTANT    [X] INVESTIGATIVE EMPLOYEE    [ ] OTHER _____    [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| ARCHER (V16270) | [ ] | [X] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On Tuesday, April 17, 2007, I was assigned the duties of Investigative Employee for CDC-115, Log #C06-07-0007R. I explained my duties to Inmate Norman, T., CDC# J-32599, as Investigative Employee, and that is to gather relevant information and facts for the Senior Hearing Officer. Inmate Norman, T., stated he had no objections to me serving this capacity.

**Defendant's Statement:** There is a statue of limitation to the Re-Issue, Re-hear 115. This 115 is void because it violates Inmate Norman's due process.

**Reporting Employee Statement:** On Monday, June 26, 2006, at approximately 1025 hours, while performing my duties as the "C" kitchen Supervising Cook I, while releasing Kitchen workers to serve bag lunches, I turned and saw Inmate Norman, T., (J-32599, C7-211L), and Inmate Archer, R., (V-16270, O6-215U) fighting in the dinning room. I ordered both Inmates to stop and sit on the floor. Inmate Norman would not stop hitting Inmate Archer. Inmate Archer had both hands (palms open) up around his head and face area trying to stop the punches from Inmate Norman. I then pushed my personal alarm and both Inmates stopped fighting and got down on the floor. Yard Staff (C/O's) responded to the kitchen and placed both Inmates in hand cuffs and removed them from the Kitchen.

CONTINUED ON PART C. PAGE 2.

| | INVESTIGATOR'S SIGNATURE    ▶ J. MARQUEZ, C/O | DATE    04/17/07 |
|---|---|---|
| [ ] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE)    ▶ *J. Marquez* | TIME    0940    DATE    4/4/07 |

Page 6 of 2

CDC 115-A (7/88)    If additional space is required use supplemental pages —

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

PAGE____OF____

RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 32599 | Norman, T. | C06-07-0007R | CVSP | 03/28/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

...dered both inmates to stop and sit on the floor.  Inmate Norman would not stop hitting Inmate Archer.  Inmate Archer ...both hands (palms open) up around his head and face area trying to stop the punches from Inmate Norman.  I then pushed ...ersonal alarm and both Inmates stopped fighting and got down on the floor.  Yard Staff (C/O's) responded to the ...hen and placed both Inmates in hand cuffs and removed them from the Kitchen. Inmate Norman is aware of this report.

...the time of this report Inmate Norman was not designated as meeting the Mental Health Services System as noted by ...Reviewing Supervisor of this report.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| M. Perry, Supervising Cook I | 4/3/07 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | 4/9/07 | 0940 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

Page 6 of 3

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                    PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-32599 | Norman, T., | CO5-07-0007R | CVSP | 04/17/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

**Staff Witnesses Statement:** C/O Shupe made the following Statement: When I responded to the kitchen, Inmate Norman was sitting at a table and the other guy was sitting on the floor.

**Inmate Witness Statement:** None

**Staff Requested at Hearing:** None

**Inmate Witnesses Requested at Hearing:** None

**Reporting Employee requested at Hearing:** None

**Investigative Employee requested at Hearing:** No
**Additional Information contained in confidential report:** No

Copy given to Inmate on ___4/17/07___ by ___Marquez___ Time ___1:00___

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | J. Marquez, Correctional Officer | 04/17/07 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒  COPY OF CDC 115-C GIVEN TO INMATE | | 4/17/07 | 1:00 |

CDC 115-C (5/95)

Page 6 of 4



OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

PAGE _2_ OF _3_

RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-32599 | Norman, T. | C06-07-0007(R) | CVSP | 04/27/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER_____

**POSTPONEMENT OF DISCIPLINARY HEARING:** This RVR did not meet the criteria for referral to the Riverside District Attorney's Office.

**INVESTIGATIVE EMPLOYEE (IE):** Inmate Norman was assigned an IE pursuant CCR 3315(d)(1); he was rehoused on different facility and was unable to collect evidence and/or interview potential witnesses. Correctional Officer J. Marquez was assigned on 04/17/07 and was present at the hearing as requested by Inmate Norman. Inmate had no questions for the Investigative Employee Officer J. Marquez, therefore he was dismissed prior to deliberations.

**STAFF ASSISTANT (S.A.):** Inmate Norman was not assigned a SA pursuant CCR 3315(d)(2); he is not illiterate, as indicated by his GPL of 9.0; the issues are not complex; inmate speaks English and a confidential relationship is not required.

**WITNESSES:** Norman was advised of his rights to call witnesses. Inmate Norman requested Inmate Archer (V-16270) as a witness. Inmate Archer was denied by this SHO as he had no relevant information to assist in Inmate Norman's defense. This SHO allowed the following stipulated testimony by Inmate Archer; Archer states, Inmate Norman was not the aggressor and there was no intent for mutual combat whatsoever. Inmate Norman agrees to this stipulated testimony.

**PLEA/STATEMENT:** This SHO explained the circumstances of the RVR to Norman, speaking slowly; rephrasing sentences; using simple English. Norman explained his understanding of the RVR to this SHO's satisfaction and elected to plead **Not Guilty**. Inmate Norman was asked if he had any statement to make. He elected to make the following statement: "I was defending myself. The 115 being heard now violates my due process rights in accordance with DOM Section 54100.18.2 and CCR Title 15 Section 3320. Also, the fact that my witness is not made available to me does not allow me to provide an adequate defense for myself."

**FINDINGS:** Inmate Norman is being found GUILTY of violating CCR 3005(c), specifically, "**Mutual Combat**". This finding is based upon the preponderance of evidence submitted at the hearing which does substantiate the charge. The evidence includes:

1). The Reporting Employee's written report wherein CSCI Perry indicated, "while releasing kitchen workers to serve bag lunches, I turned and saw Inmate Norman, T. (J-32599, C7-211L) and Inmate Archer, R. (V-16270, O6-215U) fighting in the dining area. I ordered both inmates to stop and sit on the floor. Inmate Norman would not stop hitting Inmate Archer. Archer had both hands (palms open) up around his head and face area trying to stop the punches from Inmate Norman.

2). Inmate Norman's partial admission of Guilt wherein he stated during the hearing, "I was defending my self."

3). The Medical Report of Injury or Unusual Occurrence (7219) for both Inmate Norman and Inmate Archer indicate injuries consistent with having been involved in a physical altercation.

4). After careful review of all evidence relevant to this Rules Violation Report (RVR), this Senior Hearing Officer (SHO) believes that a preponderance of evidence has clearly been established and therefore a finding of "GUILTY" is justified.

**Continuation on Part-C (Page #3)**

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| D. Mireles, Correctional Lieutenant | | 04/28/07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 5/11/07 | 1230 |

CDC 115-C (5/95)

Page 6 of 5



OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 3 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-32599 | Norman, T. | CDC-07-0007(R) | CVSP | 04/27/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**DISPOSITION:** Assessed Ninety (90) days forfeiture of **BEHAVIORAL/WORK CREDITS**, consistent with the provisions of CCR §3323, Disciplinary Forfeiture Schedule, for a Division "D" offense.

Inmate Norman was Counseled warned and reprimanded regarding future behavioral expectations.

Inmate Norman has been apprised of the above finding(s) and his right to appeal these findings pursuant to CCR §3084.1. Inmate Norman was further advised that he would receive a completed copy of this Rules Violation Report upon final audit by the Chief Disciplinary Officer.

Inmate Norman was advised of his right to restoration of credits under CCR Section 3327 and 3328.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| D. Mireles, Correctional Lieutenant | 04/27/07 |

| | | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|---|
| ☒ | COPY OF CDC 115-C GIVEN TO INMATE | | 5/11/07 | 1330 |

CDC 115-C (5/95)



OSP 99 25082

*SHO*

STATE OF CALIFORNIA

MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE

DEPARTMENT OF CORRECTIONS

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| NSP | Ckit | USE OF FORCE  INJURY  UNUSUAL OCCURRENCE | (PRE AD/SEG ADMISSION) | | 6/20/06 |

| THIS SECTION FOR INMATE ONLY | NAME   LAST   Norman   FIRST  J | CDC NUMBER  J32599 | HOUSING LOC.  C17-211 | NEW HOUSING LOC. |
|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME   LAST   FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME   LAST   FIRST   MIDDLE | DOB | OCCUPATION |
|---|---|---|---|
| | HOME ADDRESS   CITY   STATE   ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED  1030 | TIME SEEN  1035 | ESCORTED BY  Shurel | MODE OF ARRIVAL (circle)  (AMBULATORY)  LITTER  WHEELCHAIR  ON SITE | AGE  42 | RACE  B | SEX  M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT, IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

Some guy just started choking me

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swelling/Area | 16 |
| | 17 |
| | 18 |
| | 19 |



of sore
1 week old

| O.C. SPRAY EXPOSURE?   YES / NO |
| DECONTAMINATED?   YES / NO |
| Self-decontamination instructions given?   YES / NO |
| Refused decontamination?   YES / NO |
| Q 15 min. checks |
| Staff issued exposure packet?   YES / NO |

| RN NOTIFIED/TIME  n/a | PHYSICIAN NOTIFIED/TIME  n/a |
|---|---|

| TIME/DISPOSITION  Released to Custody | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN)  C Churchwell | BADGE #  4362 | RDOs  S/S |
|---|---|---|---|

(Medical data to be included in progress note or emergency care record filed in UHR)

*PAGE 7*

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| CSP | CKI | USE OF FORCE | INJURY | | 10/06/06 |
| | | | UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | |

| THIS SECTION FOR INMATE ONLY | NAME   LAST   Archer, R | FIRST | CDC NUMBER   V16270 | HOUSING LOC.   C6-2l-Su | NEW HOUSING LOC. |
|---|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME   LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME   LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED   1030 | TIME SEEN   1040 | ESCORTED BY | MODE OF ARRIVAL   *(circle)*   AMBULATORY   LITTER   ON SITE   WHEELCHAIR | AGE   43 | RACE   B | SEX   M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

*"I don't know what happened"*



| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | | 7 |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| O.C. Spray Area | | 10 |
| Pain | | 11 |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | | 14 |
| Skin Flap | | 15 |
| Swollen Area | | 16 |
| Other | | 17 |
| | | 18 |
| | | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME   Rascone 1045 | PHYSICIAN NOTIFIED/TIME   n/a |
|---|---|
| TIME/DISPOSITION   Released to Custody | REPORT COMPLETED BY/TITLE   *(PRINT AND SIGN)*   C Churchwell | BADGE #   43629 | RDOs   S/4 |

*(Medical data to be included in any crime or emergency care record filed in UHR)*

## GIVEN TO EACH INMATE AT TIME OF HEARING

INFORMATION ON CREDIT FORFEITURE/RESTORATION/DISCIPLINARY-FREE CRITERIA/TIME-FRAME/APPEAL

1.  Chief Disciplinary Officer (Associate Warden)-all disciplinary methods and actions shall be reviewed by C.D.O. - C.C.R. #3312B(b).
2.  The C.D.O. shall affirm, reverse or modify the disciplinary action and/or Credit Forfeiture. The C.D.O. may order a different method of discipline, or dismiss a charge, order a rehearing of the charge, or combine any of these actions. C.C.R. #3312B(b)(j).
3.  (A)  Before the disciplinary hearing the official who initially classified the 115, or staff at a higher level, may change the classification of a 115, C.C.R. #3313C(i)
    (B)  During the disciplinary hearing, the official conducting the hearing, may change a serious classification to administrative as a finding of the hearing, C.C.R. #3312(2).
    (C)  Before or after the disciplinary hearing, the C.D.O. may change a serious classification to administrative, C.C.R. #3313(3).
    (D)  After the disciplinary hearing, and administrative classification shall not be changed to serious, unless the C.D.O. or Director orders a rehearing of the charges as a serious rule violation, C.C.R. #3313.4
4.  (A)  When a rehearing is ordered by the C.D.O., the inmate will be provided all rights an procedural safeguards of a rule violation hearing, C.C.R. #3313.4(A).
    (B)  An order for rehearing shall be in writing and shall include the reasons for the order. A copy of the order shall be provided to the inmate, C.C.R. #3313.4(B)
    (C)  If the CDC 115 is reclassified from administrative to serious, the inmate shall receive written notice and shall be subject to the provisions of Section C.C.R. #3315 of the C.C.R.

### DISCIPLINARY CREDIT FORFEITURE SCHEDULE

| | | | |
|---|---|---|---|
| DIVISION A-1 | OFFENSE | 181-360 | DAYS LOSS |
| DIVISION A-2 | OFFENSE | 151-180 | DAYS LOSS |
| DIVISION B | OFFENSE | 121-150 | DAYS LOSS |
| DIVISION C | OFFENSE | 91-120 | DAYS LOSS |
| DIVISION D | OFFENSE | 61-90 | DAYS LOSS |
| DIVISION E | OFFENSE | 31-60 | DAYS LOSS |
| DIVISION F | OFFENSE | 0-30 | DAYS LOSS |

### RESTORATION OF FORFEITED CREDITS

(A)  Credit that has been forfeited for a serious disciplinary offense shall be considered for restoration in accordance with the provisions of this Section C.C.R. #3327.
(B)  Credit restoration shall be forfeited, if the inmate is found guilty of any rule violation within the required disciplinary free periods provided in Section #3328.

NO credit shall be restored for any misconduct which resulted in the victim's death or permanent disability, C.C.R. #3327(1).

Upon completion of a disciplinary free period as provided in C.C.R. #3328, an eligible inmate may apply to their counselor for credit restoration, by submitting a Form 958 "Application for Inmates's Restoration of Credits." A restoration hearing shall be conducted with 30 days of the inmates application. The inmate has a right to be present at the hearing and to a written decision of the committee. If the inmate doesn't meet the criteria for a credit restoration hearing, the counselor shall note the reason on the 958 and return it to the inmate, C.C.R. #3327 (1)(2).

### DISCIPLINARY - FREE PERIODS

(A)  A disciplinary-free period shall commence the day following issuance of the CDC 115, C.C.R. #3328.

DIVISION A-1 OR A-2 OFFENSE: No credit will be restored for an A-1 or A-2 offense, per administrative bulletin 96/4.
DIVISION B OR C OFFENSE: No credit will be restored for a "B" or "C" offense, per administrative bulletin 96/4.
EXEMPTION OR D OFFENSE: remain disciplinary-free for a period of 100% of the inmate has remained disciplinary-free for months.
EXCEPTION: If less than six months remains before the inmates established release date, a one time application may be made with 90 days of the established release date. If the inmate has remained disciplinary-free for the entire period and at least one month, C.C.R. #3328 (D).

*all eligible divisions for restoration of credits - divisions "D", "E" and "F", will be subject to the provisions of C.C.R. Section 3327. (D.O.M. 52080.16). Exceptions to restoration time-frames are found C.C.R. #3329 - Extraordinary Circumstances.

### APPEALS

If you are dissatisfied with the disposition of a disciplinary action, you may request a review of the matter by submitting a CDC - 602 form along with the final copy of the CDC 115, signed by the C.D.O. to the Administrative Services Appeals Coordinator, C.C.R. #3084.5(2)(B). Attach corroborating substantiation as applicable.

You were found guilty of a Division _____ D _____ offense.

You were assessed _____ 90 _____ days loss of credit.

Log #: ___ C06-07-0007R ___

Charge of: ___ CCR§ 3005(c) "Mutual Combat" ___

This notice of Rights and Information was given to Inmate: ___ Norman, T., CDC# J-32599 ___

On: ___ 4-27-07 ___
(Date)

Hearing Officer: ___ D. MIRELES ___
(Name)

cc:    Inmate
       Associate Warden complex I
       Associate Warden complex II
       Final copy Lt's file

Page 8

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved: _____    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

RECEIVED
JUN 11 2007
APPEALS OFFICE

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __5-9-07__ Due Date: __6-21-07__

☒ See Attached Letter

Signature: _____    Date Completed: __5/23/07__

Warden/Superintendent Signature: _____    Date Returned to Inmate: __6/14/07__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

INMATE APPEALS BRANCH
RECEIVED
JUN 20 2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

Page 9

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **MAR 1 4 2007**

In re:    Norman, J-32599
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA 92226

IAB Case No.: 0607199        Local Log No.: CVSP 06-01289

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:   The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #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, dated June 26, 2006, for "Mutual Combat," a Division "D" offense. The appellant contends that another inmate attacked him. He alleges that the material utilized to implicate him is erroneous and that the disciplinary reports are not sufficient to substantiate the charges. The appellant states that the investigation of the RVR was inadequate. It is the appellant's position that he is not guilty of the RVR. He requests dismissal of the RVR.

II   SECOND LEVEL'S ARGUMENT:   The reviewer found that the RVR was ordered to be reissued and reheard due to an administrative error.

III   DIRECTOR'S LEVEL DECISION:   Appeal is denied.

   A.   FINDINGS:   The Second Level of review determined that the appellant was not afforded due process in the adjudication of the RVR. The appeal was granted in part at the Second Level of Review by addressing the appellant's concerns. The appellant will have to submit a CDC Form 602, Inmate/Parolee Appeal Form upon completion of the disciplinary process for the reissued RVR, if he feels that the results of that decision has an adverse effect upon him. His request for dismissal of the RVR cannot be granted until the reissued RVR has been completed.

   B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3084.1, 3084.7

   C.   ORDER:   No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

   cc:    Warden, CVSP
Appeals Coordinator, CVSP

Page 10

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| NOV 14 2006 | 1. 06-01289 | 1 |
| 2. CNSP | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| T. Norman Torrance | J-32599 | N/A | B4-181 |

**A. Describe Problem:** On The Date of June 26 Mr Norman was Issued a 115 Report for Mutal Combat on July 5 Mr Norman was Given An Investigative Employee C/o Couch. This Act violates Mr Normans rights To a Investigator in a Timely manner which is Proceedure in The Title 15 Sect 3315 (d) (1) (A) Due To This Fact Mr Norman was Not able To build Any Facts To Create a Defense Because he Could find no witnesses Due To The Fact he was moved To Another y Proceedures were yet Again violated Along with Mr Norman's Right's By Not Having His Investigative Employee Represent His Position At The Hearing To ensure many Proper Defense Sect 3318 (b) (1) (B) On The July 15 Hearing Date The writer of The

If you need more space, attach one additional sheet.

**B. Action Requested:** That Due To The Amount of Proceedural Defects in This 115 And The Fact That Mr Norman never received a Disposition To Complete an Appeal As specified in Section 3320 (L) of The Title 15, Mr Norman is requesting That This 115 Be Dissmissed in The Intrest of Justice.

Inmate/Parolee Signature: _Torrance Norman_    Date Submitted: 11-26-06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASSED

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASSED

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

Page 11

State of California                                                 Department of Corrections and Rehabilitation

# Memorandum                              C-FILE

Date:     December 1, 2006

To:       Torrance Norman, J-32599
          Chuckawalla Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE
                    LOG NO.:    CVSP 06-01289

ISSUE:

You are appealing a matter regarding a disciplinary charge (CDC 115). You received a
CDC 115 dated 6-26-06, Log #C06-07-0007, for Mutual Combat. You contend you are
not guilty.

You are requesting the CDC 115 be dismissed in the interest of justice for violation of
your due process rights.

INTERVIEWED BY:   M.R. Bunts, Inmate Appeals Coordinator, on 11-30-06.   In
reaching a decision, all relevant documentation was researched.

REGULATIONS:  The rules governing this issue are:

California Code of Regulations, Title 15, Section (CCR) 3005.
Conduct.
        (c) Force and Violence. Inmates shall not willfully commit or
assist another person in the commission of a violent injury to any person or
persons, including self mutilation or attempted suicide, nor attempt or
threaten the use of force and violence upon another person. Inmates shall
not willfully attempt to incite others, either verbally or in writing, or by
other deliberate action, to use force or violence upon another person.

CCR 3315. Serious Rule Violations.
        (d) An inmate shall be assigned an employee to assist in the
investigation of matters pertaining to a disciplinary action when the chief
disciplinary officer or designee determines the necessity based on the
following criteria.
        (1) Investigative Employee.
        (A) An investigative employee, as described in section 3318(a),
shall be assigned, within one working day after the serious rule violation
charges have been submitted for processing when the chief disciplinary
officer or designee determines that:
        2. The housing status makes it unlikely the charged inmate can
collect and present the evidence necessary for an adequate presentation of
a defense.
        (e) Witnesses. An inmate may request that friendly and adverse
witnesses attend the hearing.

Page 12

TORRANCE NORMAN, J-32599
CASE NO. 06-01289
PAGE 2

CCR 3320. Hearing Procedures and Time Limitations.

(h) Staff who observed, reported, classified, supplied supplemental reports to, or investigated the alleged rule violation; who assisted the inmate in preparing for the hearing; or for any other reason have a predetermined belief of the inmate's guilt or innocence shall not hear the charges or be present during deliberations to determine guilt or innocence and disposition of the charges.

(l) The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge. At the conclusion of the disciplinary hearing, the inmate shall be informed of the findings and disposition of the charge and of the right to and procedure for appeal of the action. Within five working days following review of the CDC Form 115 and CDC Form 115-A by the chief disciplinary officer, the inmate shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusions.

Inmate Norman, in reviewing CDC 115 dated 6-26-06, Log #C06-07-0007, for Mutual Combat, it is clear most due process rights and time constraints were met. Inclusive of this was the fact you were assigned an Investigative Employee (IE) who collected evidence and interviewed witnesses on your behalf. You had requested he be present for your hearing; however, there is no indication he was present by the lack of documentation by the Senior Hearing Officer (SHO). Additionally, it appears the reporting employee was present during the deliberation portion of your hearing. Therefore, your CDC 115 will be referred to the Chief Disciplinary Officer (CDO), with a recommendation it be reissued/reheard with the IE present as well as not having the reporting employee present during deliberations. Finally, according to the CDC 115, you received the completed copies of your CDC 115 within regulatory time frame.

DECISION: The appeal is granted in part.

You are advised this issue may be submitted for a Director's Level of Review if desired.

M. R. BUNTS
Inmate Appeals Coordinator

M.A. MUNTZ
Warden (A)

MAM/MRB/lg

cc: Central File
    Inmate Appeals

Page 12 of 2

1  STATE OF CALIFORNIA     )              PROOF OF SERVICE BY
                           ) ss           PERSON IN STATE CUSTODY
2  COUNTY OF RIVERSIDE     )

3        I, Torrance K. Norman        , the undersigned, certify, and

4  do declare that I am over the age of 18 years, incarcerated at Chuckawalla

5  Valley State Prison, located at    Blythe, California and a party/ not a party

6  to the attached foregoing cause of action. On February 21st, 2008     ,

7  I did serve a true copy of: one original And one Copy of

8  Petitioners writ of Habeas Corpus, Along with The forma

9  PauPeris with Trust Account, And A motion for AppoinTmenT
   of Counsel.

10

11

12 [ ] by depositing it in a prison mail box in a sealed envelope, or [X] by

13 handing it to institutional staff in a sealed envelope, along [X] with Inmate

14 Trust Account Withdrawal Order Form attached to it requesting that postage be

15 fully prepaid, or [ ] with postage affixed thereto for deposit in The United

16 States Mail pursuant to California Code of Regulations Sections 3142 and 3165;

17 Addressed to the following: U.S. DisTricT Court

18                            Room 4290.

19                            880 FronT STreeT

20                            SAn Diego, CA 92101-8900

21 Intended place of mailing: U.S. Post Office, at Blythe, California.

22 I further declare under penalty of perjury that the foregoing is true and

23 correct to the best of my knowledge, and belief. Executed on 21st february,

24 2008     .

25

26                                    Torrance K. Norman
27                                    PETITIONER/DECLARANT IN PRO PER

28 ///

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254    1983

FILING FEE PAID
Yes    No ✓

IFP MOTION FILED
Yes    No

COPIES SENT TO
Court    Probe

2008 FEB 25  PM 4: 02

SOUTHERN DISTRICT OF CALIFORNIA

RAO                    DEPUTY

**I (a) PLAINTIFFS**

Torrance K. Norman

**Salazar, et al.**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Riverside
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Torrance K. Norman
PO Box 2349
Blythe, CA 92226
J-32599

**ATTORNEYS (IF KNOWN)**

'08 CV 0361 WQH RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)    **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

DATE    February 25, 2008    SIGNATURE OF ATTORNEY OF RECORD

R Nulls