1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   TORRANCE KEITH NORMAN,                    Civil No.    08-0361 WQH (RBB)
12
                                 Petitioner,   **ORDER TRANSFERRING ACTION**
13                                             **TO UNITED STATES DISTRICT**
              vs.                              **COURT FOR THE CENTRAL**
14                                             **DISTRICT OF CALIFORNIA,**
     J. F. SALAZAR, et al.,                    **EASTERN DIVISION**
15                               Respondents.
16

17          Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to

18   28 U.S.C. § 2254 attacking a conviction from the Superior Court of Riverside County,

19   California. Upon reviewing the petition, the Court finds that this case should be transferred in

20   the interest of justice.

21          A petition for writ of habeas corpus may be filed in the United States District Court of

22   either the judicial district in which the petitioner is presently confined or the judicial district in

23   which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

24   *Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a

25   disciplinary hearing finding which took place in Chuckawalla Valley State Prison, located in

26   Riverside County, California, which is within the jurisdictional boundaries of the United States

27   / / /

28   / / /

1    District Court for the Central District, Eastern Division. *See* 28 U.S.C. § 84(c)(1). Moreover,

2    Petitioner is presently confined at Chuckawalla Valley State Prison, which as noted above, is

3    within the jurisdictional boundaries of the United States District Court for the Central District

4    of California Eastern Division. *See id*. Thus, jurisdiction exists in the Central District; and not

5    in the Southern District.

6        Although this Court does not have jurisdiction over the action, "[u]nder a provision of the

7    Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of

8    jurisdiction the court shall transfer the action to any other such court in which the action could

9    have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th

10   Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit

11   has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will

12   be in the interest of justice because normally dismissal of an action that could be brought

13   elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting

14   *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,

15   this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.

16   § 2241(d).

17       When a habeas petitioner is challenging a state conviction, the district court of the district

18   in which a petitioner was convicted and sentenced is a more convenient forum because of the

19   accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district

20   courts in California to transfer habeas actions challenging a state conviction to the district in

21   which the Petitioner was convicted. Any and all records, witnesses and evidence necessary for

22   the resolution of Petitioner's contentions are more readily available in Riverside County, which

23   is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can,

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1  of course, transfer habeas cases to the district of conviction which is ordinarily a more

2  convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

3        Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court

4  transfer this matter to the United States District Court for the Central District of California,

5  Eastern Division.  *See* 28 U.S.C. § 2241(d).   **IT IS FURTHER ORDERED** that the Clerk of

6  this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

7

8  DATED:  March 6, 2008

9                                             **WILLIAM Q. HAYES**
                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28